PEOPLE *v.* DECKER.

*(Supreme Court, General Term, Second Department.    July 18, 1890.)*

1. FISHERIES—DRAGGING OYSTERS—EVIDENCE.
  Where it is shown 'that defendant sailed over an oyster-bed with his rakes over-board, and that they were such as would disturb the oysters planted there, it is sufficient evidence to sustain a conviction under Penal Code N. Y. § 640, subd. 8, providing for the punishment of any one who unlawfully disturbs or interferes with the oysters of another.

2. SAME—IMMATERIAL ERROR.
  The admission of expert testimony to show that defendant's rakes were such as would disturb planted oysters is not prejudicial to defendant when he himself ad-mits that his rakes, if overboard when he was sailing over the bed, would have dis-turbed the oysters.

Appeal from court of sessions, Richmond county.

Howard H. Decker was convicted of sailing over the oyster-bed of Peter McDonald, with his rakes down, and disturbing the oysters, and sentenced to pay a fine of $100, under Penal Code N. Y. § 640, subd. 8, providing for the punishment of any person who unlawfully takes or carries away, or interferes with, or disturbs by any means, the oysters of another, legally planted in the bed of any river, etc.

Argued before BARNARD, P. J., and PRATT and DYKMAN, JJ.

*W. J. Powers,* for appellant.    *T. W. Fitzgerald,* Dist. Atty., for the People.

PRATT, J.    The defendant was convicted under subdivision 8, § 640, of the Penal Code.    It was proved beyond all question that the lines upon the defend-ant's rakes were about 14 fathoms in length, and if the rakes were overboard at the time he sailed over the ground in question they would disturb the oysters planted there.    The case only involves a question of fact, and that is whether the rakes were overboard at the time charged.    The defendant denies the charge, but two apparently disinterested witnesses, Polwarth and La Forge, testify to the contrary, and the jury believed the latter.    The defendant also excepted to the evidence of witnesses skilled in the business, who testified that rakes rigged in the manner described in the evidence would disturb oys-ters.    This testimony was immaterial, as the defendant himself testified that his rakes would go to the bottom, and disturb oysters if any were there. This admission justified a conviction in case the jury found he had his rakes overboard at the time, so that the defendant could not have been prejudiced by the admission of that testimony.

The defendant also claims that inasmuch as no witness saw an oyster dis-turbed, a case was not made; but we must assume that to have taken place which in the nature of things must have been the result of the defendant's acts.    If the construction of the defendant is put upon the statute, no convic-tion could ever be had under the statute.    The statute was passed to prevent just such acts as were committed by the defendant, to-wit, sailing over ground planted with oysters, and that defendant dragged his rakes for a long distance over it, and that such acts must necessarily disturb the oysters.    This proof, taken altogether, we think, made out a case.    Judgment affirmed.    All concur.